**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 16-35387 |
| **925 N. DAMEN, LLC,** | ) | |
| | ) | Hon. Donald R. Cassling |
| Debtor. | ) | Room 619 |
| | ) | Hearing Date: June 13, 2017 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF HEARING

To:   See Attached Service List

PLEASE TAKE NOTICE THAT on **June 13, 2017 at 9:30 a.m.**, we shall appear before the Honorable Donald R. Cassling, or any other Judge sitting in his stead in Courtroom No. 619, at the Dirksen Federal Building, 219 South Dearborn, Chicago, Illinois, 60604, at which time we shall present **NOTICE OF HEARING ON FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO 925 N. DAMEN, LLC, FOR THE PERIOD FROM NOVEMBER 4, 2016 THROUGH APRIL 30, 2017,** a copy of which is attached hereto a served upon you, and shall pray for the entry of an order in conformity with said pleading, at which time and place you may appear if you so see fit.

**ARIEL WEISSBERG AND WEISSBERG AND**
**ASSOCIATES, LTD.** Applicants

By:      /s/ Ariel Weissberg
           One of their attorneys

Ariel Weissberg, Esq. (03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois  60605
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

Document Page 2 of 16

## CERTIFICATE OF SERVICE

      I, Ariel Weissberg, an attorney, hereby certify that on May 22, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing **NOTICE OF HEARING ON FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO 925 N. DAMEN, LLC, FOR THE PERIOD FROM NOVEMBER 4, 2016 THROUGH APRIL 30, 2017** and the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List, including the following:

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
Email: USTPRegion11.ES.ECF@usdoj.gov

Flavius Schiopu and G7 Investment, LLC
c/o Nicholas M. Duric, Esq.
444 N. Northwest Highway, Suite 207
Park Ridge, IL 60068
Email: Duriclaw@att.net

The Simone Singer Weissbluth Revocable Trust
WMW GC, LLC and WMW Investments, LLC
c/o David Fischer, Esq.
Phillip W. Nelson, Esq.
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Email: david.fischer@lockelord.com
Email: Phillip.Nelson@lockelord.com

on May 22, 2017 upon the following parties, who are not CM/ECF participants, by placing true and correct copies in sealed envelopes with postage thereon fully prepaid, in the United States mail in Chicago, Illinois on May 22, 2017, addressed as set forth below:

Simone Singer Weissbluth
   Revocable Trust
WMW GC, LLC
WMW Investments, LLC
917 W. Washington, Suite 127
Chicago, IL 60607

Illinois Department of Revenue
Bankruptcy Section, Level 7−425
100 W. Randolph Street
Chicago, IL  60606

District Director
Internal Revenue Service
230 S. Dearborn St.
Mail Stop 5016-CHI
Chicago, IL  60604

District Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606

Caroline D. Ciraolo
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC  20044

U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604

Legal Department
Illinois Department of Revenue
Legal Services Office MC5-500
101 West Jefferson
Springfield, IL  62794

City of Chicago
400 W. Superior, Room 115
Chicago, IL  60610

    /s/ Ariel Weissberg
    Ariel Weissberg

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re   925 N. DAMEN, LLC    )
                             )
                             )   Bankruptcy No. ____16-35387____
                             )
                    Debtor.  )   Chapter    ____11____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: ____Weissberg and Associates, Ltd.____

Authorized to Provide Professional Services to: ____925 N. Damen, LLC____

Date of Order Authorizing Employment: ____November 4, 2016____

Period for Which Compensation is Sought:
From ____November 4____, __2016__ through ____April 30____, __2017__

Amount of Fees Sought:    $ 39,870.00

Amount of Expense Reimbursement Sought:    $ 2,543.46

This is an:    Interim Application _____    Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:    ____May 22, 2017____          ____/s/ Ariel Weissberg____
                                                        (Counsel)

(Rev 11/19/10)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>925 N. DAMEN, LLC,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-35387<br><br>Hon. Donald R. Cassling<br>Room 619<br><br>Hearing Date:  June 13, 2017<br>Hearing Time:  9:30 a.m. |

**SUMMARY OF FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE**
**OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD.,**
**COUNSEL TO 925 N. DAMEN, LLC, FOR THE PERIOD**
**FROM NOVEMBER 4, 2016 THROUGH APRIL 30, 2017**

| | |
|---|---|
| Name of Applicants: | Weissberg and Associates, Ltd. |
| Authorized to Provide Professional Services to: | 925 N. Damen, LLC |
| Date of Retention: | November 4, 2016 |
| Period for Which Compensation and Reimbursement is Sought: | November 4, 2016 through April 30, 2017 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $39,870.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,543.46 |
| Type of Fee Application: | First and Final Fee Application |

This is W&A's first and final Fee Application. No prior monthly fee statements or Fee Applications have been filed.

4

Dated: May 22, 2017					Respectfully submitted,

**ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.** Applicants


By:    /s/ Ariel Weissberg
One of their attorneys

Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514
F. 312-663-1514

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>925 N. DAMEN, LLC,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-35387<br><br>Hon. Donald R. Cassling<br>Room 619<br><br>Hearing Date: June 13, 2017<br>Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE
ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL
TO 925 N. DAMEN, LLC, FOR THE PERIOD FROM NOVEMBER 4, 2016
THROUGH APRIL 30, 2017**

NOW COME Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. (collectively, "W&A" or "Applicants"), counsel to 925 N. Damen, LLC ("Debtor"), Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "Case"), pursuant to Section 331 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby request that this Court enter an order (a) allowing and approving $39,870.00 in final fee compensation for Applicants for legal services from November 4, 2016 through April 30, 2017 (the "Application Period"); (b) allowing and approving $2,543.46 as reimbursement for costs and expenses incurred by Applicants in connection with this case during the Application Period, and (c) authorizing and directing Debtor to pay Applicants $26,882.06 in fees and expenses, which represents the total amount requested pursuant to this Final Fee Application (the "Final Fee Application"). Applicants received an Advanced Payment Retainers of $15,000.00 from Debtor on September 22, 2016 and expense reimbursement received in the amount of $531.40 (for a

6

total of $15,531.40).

In support of this Final Fee Application, W&A states as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

### II. INTRODUCTION

This is the Application of Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. for an allowance of final compensation in the sum of $39,870.00 and expense reimbursement in the sum of $2,543.46, aggregating $42,413.46, pursuant to 11 U.S.C. Section 330 and Federal Rules of Bankruptcy Procedure 2016, for allowance of final compensation and reimbursement of expenses.

### III. HISTORY AND PRESENT STATUS OF THE CASE

4. On November 4, 2017, Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, Debtor has been managing its assets as a debtor-in-possession.

5. On November 29, 2016, the Court entered an order (the "Employment Order"), authorizing Debtor to employ and retain Applicants as legal counsel to Debtor in connection with

the Case, *non pro tunc* to November 4, 2017 (Docket No. 27).

### IV. THE NATURE AND EXTENT OF THE SERVICES RENDERED AND COSTS INCURRED

6. Applicants present this Final Fee Application for allowance of final compensation pursuant to §330 of the Code for Professional Services rendered from November 4, 2016 through April 4, 2017, and for reimbursement of expenses incurred during this period. All services for which compensation is requested by Applicants was in connection with this case; were in connection with Debtor's performance of his duties prescribed by the Code or were rendered pursuant to order of the Court.

9. The Employment Order authorized Applicants to perform legal services that are necessary to assist Debtor in connection with Debtor's reorganization efforts.

10. The Employment Order authorized W&A to perform legal services that are necessary to assist the Debtor in connection with the Debtor's reorganization efforts. Specifically, W&A are authorized to perform the following services for the Debtor:

    a. advise the Debtor with respect to its powers and duties as Debtor and Debtor-in-possession as it manages its property and operates its business and properties;

    b. attend Initial Debtor Interview, First Meeting of Creditors, meet and negotiate with representatives of creditors of the Debtor and other parties in interest, and advise and consult with the Debtor on the conduct of the Case, including with respect to the legal and administrative requirements of operating a business in Chapter 11;

    c. Preparing Debtor for court proceedings;

  d.  advise the Debtor in connection with the possible sale of property;

  e.  advise the Debtor on matters relating to the assumption or rejection or assignment of unexpired leases and executory contracts;

  f.  advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business, including, without limitation, banking, insurance, corporate, and contracts;

  g.  take all necessary action to protect and preserve the Debtor's estate;

  h.  To take such action as may be necessary with reference to claims that may be asserted against Debtor, and to prepare, on behalf of Debtor, such applications, motions, complaints, orders, reports and other legal papers as may be necessary in connection with this proceeding and to perform all other legal services for Debtor necessary to the administration of the Debtor's estate;

  i.  participate in meetings with Debtor, and meet with and negotiate with parties other than the Debtor in connection with the above-referenced matters;

  j.  appear before this Court and other courts to protect the interests of the Debtor's estate; and

  k.  perform all other necessary and legal services for the Debtor in connection with the case.

11. As the Debtor's counsel, W&A performed a variety of legal services during the Application Period, a breakdown of which is attached hereto as Exhibit 1, and which have been subdivided into the following matters:

| Matter Description | Hours | Amount Billed |
|---|---|---|
| | | |
| General Administration | 31.10 | $11,955.00 |
| Sale of 925 N. Damen, Chicago, Illinois | 68.20 | $27,915.00 |
| | | |
| **Total:** | **99.30** | **$39,870.00** |

The following attorneys of Applicants rendered services to Debtor during the Application Period, a breakdown of which is attached hereto as Exhibit 2:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| | | | |
| Ariel Weissberg, Partner | 73.05 | $450 | $33,885.00 |
| Devvrat Sinha, Associate | 11.65 | $350 | $ 4,077.50 |
| Rochelle Laxamanna, Associate | 14.60 | $200 | $ 2,920.00 |
| | | | |
| **TOTALS:** | **99.30** | | **$39,870.00** |

12.   The above-referenced hourly rates for legal services are identical to the rates generally charged by W&A to its non-bankruptcy clients.

13.   In addition to rendering $39,870.00 in legal services, W&A incurred $2,543.46 in actual out-of-pocket costs and expenses. W&A attempted to minimize the charges and disbursements associated with the Case.  A summary of the expenses are attached hereto as Exhibit 3.

14.   The time expended by W&A in each of the above described billing categories is summarized as follows:

    A.   General administration:  31.10 hours of attorney time.

        This category is a general category for services rendered that does not fit any of the following categories:

    B.   Sale of 925 N. Damen, Chicago, Illinois:  68.20 hours of attorney time.

Document      Page 12 of 16

This category relates to the efforts of the Debtor to advance the sale of the real property located at 925 N. Damen, Chicago, Illinois.

15. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit 1.

16. All of the hours reflected in the Statement were reasonable and necessary to protect the interests of Debtor, the unsecured creditors and the secured creditors of this estate. The hourly rate of Ariel Weissberg ($450) is normal and customary. These services were necessary to the administration of the estate, and were beneficial to the estate. The services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. The compensation sought by Applicants is reasonable based on compensation charged by comparably skilled practitioners in the Greater Chicago Metropolitan area in other Chapter 11 cases.

17. Section 330 of the Bankruptcy Code governs compensation of professionals in a bankruptcy case and provides that, when determining the amount of reasonable compensation to award to a professional, the Court should consider the nature, extent and value of the services to the bankrupt estate and all other relevant factors. 11 U.S.C. § 330(a)(3).

18. In addition, Bankruptcy Rule 2016 provides that "an entity seeking final compensation for services or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

19. Bankruptcy courts in this district have stated that "[i]n reviewing fee applications, the bankruptcy court must address three issues: were the services that are the subject of the application properly compensable; if so, were they actual and necessary; if so, how will they be

valued?" *In re Lifschultz Fast Freight*, 140 B.R. 482, 485 (Bankr. N.D. Ill. 1992) citing *In re Wildman*, 72 Bankr. 700, 704 (Bankr. N.D. Ill. 1987).

20.  In addition, with respect to expenses, bankruptcy courts in this district have required that an "[a]pplication should contain a detailed list of expenses including the date, the type and the amount." *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989). In determining whether an expense is necessary, the *Convent Guardian* court stated that "an expense is necessary if it was incurred because it was reasonably needed to accomplish the proper representation of the client." *Id*.

21.  The Final Fee Application meets the foregoing requirements. First, W&A's services are properly compensable. The Court entered the Employment Order which authorized the retention of W&A as attorneys for the Debtor. Further, the Final Fee Application is being properly filed pursuant to 11 U.S.C. § 330. W&A's services were necessary to resolve the claims of creditors, and to confirm the Plan. Therefore, W&A's services are properly compensable. *See Lifschultz*, 140 B.R. at 485 (court found that where law firm was properly retained and law firm filed appropriate fee application, law firm's services were "properly compensable").

22.  Second, compensation is proper for services that are actual and necessary. The *Lifschultz* court found that "[s]ervices necessary under section 330 are those services that aid the professional's client in fulfilling its duties under the Code." *Id*. Further, "[n]ecessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the estate." *Id*. The services provided by W&A were actual and necessary. Again, W&A's services were "actual and necessary" to achieve confirmation of the Plan. As set forth in this Final Fee Application, W&A's attorneys have provided numerous services to the Debtor on a daily basis.

23.  Third, "[o]nce the court has determined that the services for which compensation is sought were properly compensable and actual and necessary, it must determine the value of those services." *Id*. at 488. That is, "the court must evaluate what the 'actual, necessary services' were worth to the client, based upon the five criteria listed in section 330(a)(1)." *Id*. At 488. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by W&A is fair and reasonable, and fairly represents the value the Debtor received from W&A's services, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) W&A's experience, reputation and ability, (vii) the value of W&A's services, and (viii) the cost of comparable services other than in a case under title 11 of the United States Code.  Here, the value of W&A's services is not in doubt: without these services, the property at 925 N. Damen, Chicago, Illinois would not have been sold.

24.  Other than as provided in 11 U.S.C. 504(b), Applicants has not agreed to share, any compensation or reimbursement received as a result of this case with any person, firm or entity. No agreement or understanding exists between your Applicants and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received on account of this case.  No promises concerning compensation or expense reimbursement have been made to Applicants by any person, firm or entity.  The sole and exclusive source of compensation and expense reimbursement shall be funds of this estate.

25.  The services rendered and described above provided a substantial benefit to the Debtor's estates and is fair and reasonable, pursuant to 11 U.S.C. 330 and Bankruptcy Rule 2016.  The reasonable value of services rendered by W&A from November 4, 2016 through

13

March 18, 2016, giving due consideration to the nature, extent and value of services rendered, the time which has been fairly and properly expended, the quality and skill for which the situation called, the risk and contingency of nonpayment and the cost of comparable services other than in a case under Chapter 11, and the results achieved in this Case, is $26,882.06. Based on the hourly charges of W&A, as set forth above, W&A requests that this Court determine and allow $39,870.00 as final compensation and $2,543.46 for reimbursement of W&A's reasonable out of pocket expenses, less application of the Advanced Payment Retainer received in the amount of $15,000.00 and expense reimbursement received in the amount of $531.40 (for a total of $15,531.40).

26.   In addition to the foregoing, attached hereto as Exhibit 4 is the Declaration of Ariel Weissberg in support of this Final Fee Application.

## V.   NOTICE

27.   No prior request for the relief requested by this Application has been made to this Court or any other court.

28.   A notice advising of the hearing on this application has been transmitted to all creditors on May 22, 2017. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire application.

WHEREFORE, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. respectfully request that the Court enter an order:

(a)   Allowing and approving (i) $39,870.00 in final compensation for W&A's legal services during the Application Period; and (ii) $2,543.46 as reimbursement for costs and expenses incurred by W&A during the Application Period;

    (b)    Directing the Debtor to pay W&A $26,882.06 in fees and expenses, which represents the total amount requested pursuant to this Final Fee Application, after application of the Advanced Payment Retainer paid to W&A in the amount of $15,000.00 and expense reimbursement received in the amount of $531.40 (for a total of $15,531.40); and

    (c)    Granting such other and further relief as the Court deems just and proper.

Dated:  May 22, 2017                          Respectfully submitted,

                                                    **ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.** Applicants

                                                    By:     /s/ Ariel Weissberg
                                                              One of their attorneys

Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514